**ACKER, Admrx., Plaintiff-Appellee v. COLUMBUS & SOUTHERN OHIO ELECTRIC CO., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3752.   Decided October 16, 1944.

Paul M. Herbert, Columbus, for plaintiff-appellee.

Burr, Porter, Stanley & Treffinger, Columbus, for defendant-appellant.

(SHERICK, J., of the Fifth Appellate District sitting by designation in place of BARNES, P. J.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in the sum of $30,000.00 in favor of the plaintiff and against the defendant entered on a unanimous verdict of a jury. We hereinafter discuss specifically the errors assigned.

Plaintiff's decedent, Francis Acker, was a passenger in a Ford coupe driven by Samuel K. Martin which was struck by a trolley bus of the defendant company, killing plaintiff's decedent. The accident occurred at the intersection of Champion Avenue and Oak Street in the city of Columbus. The bus was moving in a westerly direction and the Ford in a northerly direction. The collision occured in the north half of Oak Street, the exact place being in dispute. The bus struck the Ford between the right door and the rear thereof. Oak Street is a main throughfare, by reason of which and because the bus was to the right of the Ford as it entered this intersection the bus had the right of way, if approaching the intersection in a lawful manner.

The petition sets out six specifications of negligence, four of which were permitted to go to the jury. The acts of negligence submitted were: excessive speed of the bus in violation of §6307-21 GC; failure to sound a warning of its approach; failure to maintain a lookout; failure to stop or direct the course of the bus so as to avoid striking the Ford.

The answer of defendant admits that the death of plaintiff's decedent occurred as a result of the collision; avers that the Ford coupe did not come to a stop before entering the intersection; and did not yield the right of way to the trolley coach and that the collision was due to the sole negligence of the operator of the Ford and decedent and generally denies all other averments. The reply denies that the collision was caused by any negligence on the part of the plaintiff's decedent or the driver of the Ford and denies generally other averments of the answer.

Appellant urges, first, that it is entitled to a final judgment in its favor in this Court because it had the right of way and was not traveling in an unlawful manner when the collision occurred. This is denied by appellee, is issuable under the pleadings and the question is whether or not under

the factual developments the plaintiff had the right to go to the jury on this issue. Giving to plaintiff's testimony its most favorable intendment, which we are required to do, we are of opinion that there was a question for the jury if the trolley coach was approaching the intersection where the collision occurred in a lawful manner.

This Court has many times determined that the gist of former §12603 GC, practically identical in subject matter germane to our question with present §6307-21 GC, is to make unlawful the driving of a motor vehicle at a rate of speed faster or slower than is reasonable and proper under all the conditions appearing in the section. These conditions as applied to the street at the intersection here, were the width, the surface and the condition thereof as affected by the weather. The street was damp, it was a misty day, there were steel tracks in the street. These conditions were somewhat out of the ordinary and indicated that it may have been more difficult than usual for the driver of the bus to keep it under proper control and to bring it to a stop. In this situation, it was not requisite to a violation of the section that the driver of the coach exceed the prima facie lawful rate of speed of 35 miles per hour at the intersection. Baker v James E. Wright, No. 2163, Franklin, unreported, decided June 30, 1932; **Vetel v Meikeljohn, et al., 12 Abs 567; Davies v Marshall, 13 Abs 282,** 37 L. R. 514, all cases from this District. Our Court of last resort has so held in **Swoboda v. Brown, 129 Oh St, 512,** as have the courts in many other jurisdictions,— **State v. Blair, 24 Oh Ap, 413,** 157 N. E. 801; **Taxi & Delivery Company v. Mc-Grew, 16 Oh Ap 219; Transfer Company v Pizzulo, 53 Oh Ap 470,** 5 N. E. (2d) 796; **Easterly v. Youngstown Arc. Engraving Company, 59 Oh Ap 207,** 17 N. E. (2d) 416.

There is, however, evidence of Mr. Martin, the driver of the Ford, from which it may be logically inferred that the coach was being operated in excess of 35 miles per hour. He testified that after stopping at the stop sign on Champion Avenue preliminary to moving into Oak Street and as he entered the intersection, he looked to his right, the direction from which the bus was coming, and at that time could see approximately one-half square up Oak Street. He estimates the time that it took him to travel from his entrance into Oak Street to the point of collision. He also states that the bus was moving as a "flash of yellow". This connotes great speed. In **N. O. T. Co. v. Drown,** 7 O. C. (N. S.) 549, testimony of a witness that he saw a cloud of dust as the street

car passed, was held to be competent upon the rapidity of the movement of the street car. We do not find that there is any probative effect on the question of the rate of speed of the bus in the testimony of Mrs. Cook for the reason that she states that she did not see the bus although she was looking up Oak Street in the direction from which it was coming and had uninterrupted vision for more than a square in that direction. The statement that she did not see a bus which must have been coming toward her which was 36½ feet long, 8½ feet wide and weighed 19,000 lbs., painted yellow, is irreconcilable with the physcal facts. She cannot be heard to say that she did not see that which she must have seen. The only logical explanation of her failure to see the bus is that she must not have kept her eyes fixed on the street over which it had to move as it approached the intersection and the place of collision. Inferences as to the reasonableness of the speed of the bus may also be drawn from the power of the impact of the bus with the Ford as indicated by the fact that it was forced across Oak Street, turned in an opposite direction, that the bus then proceeded to the north side of Oak Stree, struck a parked car and bent its front wheels and the distance that it traveled after the collision notwithstanding objects with which it came in contact. Counsel for the parties go to great length to demonstrate by mathematical computation their respective contentions. On the one hand, that it clearly appears that the coach was exceeding 40 miles per hour at the time of the collision, and, on the other, that it could not have been moving so fast and that it may have been moving as slowly as 12½ miles per hour. These conclusions are permissible depending upon the correctness of the assumptions but no assumption as to the exact rate of speed is absolute under the variable facts of this record. We hold that the defendant is not entitled to a judgment in its behalf upon its claim that it conclusively appears that it did not violate §6307-21 GC.

The second specific assignment of error is that the Court erred in refusing to give to the jury before argument defendant's special instruction No. 1, which was to the effect that the jury might determine whether or not plaintiff's decedent was chargeable with contributory negligence. It is conceivable in any case that a passenger in an automobile may be charged with contributory negligence but, obviously, there must be some reasonable inferences to be drawn from the facts which would support a finding that the passenger was negligent and that his negligence contributed to his injury. We find no testimony here offered by either party from which it may be reasonably concluded that plaintiff's dece-

dent could be found to have failed to do anything which he in the exercise of ordinary care was called upon to do. **Cleveland Railway Company v. Heller, 15 Oh Ap, 46; Engler v. Reed, 53 Oh Ap, 15.**

Assignments of error Nos. 3 and 4 are that the Court erred in admitting evidence of trolley coach schedules, etc., and that the counsel for plaintiff was guilty of misconduct in arguing to the jury that such admitted testimony indicated that the coach was being operated at an unlawful rate of speed as it approached the intersection.

Counsel for plaintiff on cross-examination interrogated the driver of the trolley coach at length respecting the length of the run which he regularly made, the number of stops thereon, the number of stops made on the morning of the accident prior to the time of the collision, the probable time required to make the stops and the schedule which he was expected to observe. One question propounded was, "Well now, would you be able to stop, take on passengers within 45 seconds?" This question was objected to and the objection sustained but the witness answered the question and there was no motion to strike it from the record.

The testimony was properly admitted within the discretion of the trial judge. It bore some reasonable relation to the probable speed at which the operator of the bus would be traveling to meet the schedules which he presumably would try to maintain. Especially, was it admissible in the light of the later testimony of a number of the passengers on the bus who were permitted to say that, as it came along Oak Street, it was traveling at the usual and ordinary rate of speed at which trolley coaches travel in that territory. It is customary in actions wherein the rate of speed is in issue to inquire as to the time which has elapsed from the beginning of the trip to the place where the collision occurs and to inquire as to speed at places somewhat remote from the point of collision. Of course, the weight of such testimony is problematical but it is considered as competent.

It is further claimed that counsel for plaintiff was chargeable with misconduct in that he argued to the jury the effect of this testimony as to schedules, number of stops on the route, distance thereof, time elapsed in taking on and letting off passengers and other matters elicited from the witnesses in this regard. An examination of the argument of counsel is convincing that the part thereof to which objection was made was clearly properly admitted. The answer elicited by the

question as to which the trial judge sustained an objection was not included in that part of the argument to which objection was directed. Evidently counsel for appellant has not carefully examined the bill because it is conclusive that what was said, as appears on pages 303 and 304, to which objection is interposed, is not objectionable and the questionable part of the statement at page 304 was not made the subject of objection or exception.

No. 5, error in the general charge as stated in appellant's brief, "that even if the trolley coach operator was driving lawfully and had the right to assume that the automobile driver would yield the right of way, nevertheless, after he saw the perilous situation of the automoble it was his duty to use due care to avoid injury to the persons in the automobile". This is substantially the principle announced in **Morris v. Bloomgren, 127 Oh St 147,** from which the Court charged. It is conceded that the charge as given is correct as an abstract proposition of law but it is urged that the record will not permit of the inferences that the operator of the bus had any opportunity to avoid the accident after he became aware of the perilous situation of the automobile and its occupants and it was further urged in oral presentation, although not set out in the brief, that to invoke the principle announced in the cited case, facts should be pleaded which give it application. We have again carefully examined Morris v Bloomgren and cannot say that upon this record and the issues made by the pleadings and the evidence there was no situation which would support the charge as given.

The sixth assignment of error is that the Court erred in submitting to the jury the specification of negligence that the driver did not sound a horn as he approached the intersection. It is urged that there is no evidence which will permit the conclusion that the operator had any time after discovering the perilous situation of the occupants of the Ford to sound a horn. This, of course, is true upon the testimony of the defendant's witnesses but upon the case made by the plaintiff and the obligaton of the operator to exercise due care there was a factual question whether or not his failure to sound a horn was negligence.

Without discussing specifically errors 7, 8, 9, 10, 11 and 12, we are satisfied to say that we find no one of them well made.

Assignment of error No. 13 is that the verdict was against the manifest weight of the evidence and is excessive. This case presented a rather difficult situation for counsel and the

record is correspondingly difficult because of the fact that most of the witnesses had testified at another trial involving the collision and many of them had made additional statements which had been taken by a stenographer. Counsel were thoroughly conversant with the factual developments in the other hearings and other statements and employed the record at considerable length to test the witnesses on cross-examination. This case is close on the facts and the law. The driver of the Ford testified that he stopped at the stop sign on Champion Avenue as it comes into Oak Street. In this he was corroborated by three witnesses. The driver of the bus and several of. defendant's witnesses testified to the contrary. The driver of the Ford also stated that he looked twice to his right in the direction from which the bus would be coming and the second time as he entered Oak Street. At this point the jury had the right to say that he could have seen approximately 200 feet to the east on Oak Street. Upon the question of the speed of the bus there is irreconcilable conflict. The testimony of the operator is specific as to the speed at which he came up to the intersection. The supporting testimony is not so satisfactory. Although it is not the subject of review and we express no positive opinion upon it, there is at least some question of the competency of the testimony of the passengers that the bus was moving at about the speed at which buses in that territory customarily were operated.

The verdict is for a substantial sum of money. Plaintiff's decedent was a young man 24 years of age. His wife at the time of his death was 22. He left a daughter, two and a half years old, and a son about a year old. He was and had been for years gainfully employed and at the time of his death held a responsible position with Curtiss-Wright. He was an expert mechanic whose services were in great demand and with reasonable probability that he would continue to have employment with resultant betterment of financial return. There is no doubt that the pecuniary benefits which the next of kin had reason to anticipate by reason of their expectancy of life would represent a large sum of money and the yield thereon. We cannot say either that the verdict is against the weight of the evidence nor that it is excessive. The judgment will be affirmed.

GEIGER, J., and SHERICK, J., concur.