*In re* GLADYS WHEELER, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Gladys Wheeler, Respondent-Appellant).

Second District   No. 2—86—0547

Opinion filed February 12, 1987.—Rehearing denied March 16, 1987.

Sharon R. Rudy, of Guardianship & Advocacy Commission, of Rockford, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Respondent, Gladys Wheeler, appeals the decision of the trial court which ordered her committed for mental-health treatment. Respondent argues that the physician's certificate accompanying the petition for involuntary commitment was insufficient as a matter of law and this deprived the trial court of subject matter jurisdiction.

Involuntary-commitment proceedings are governed by the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1985, ch. 91½, par. 3—600 *et seq.*). The State sought to have respondent involuntarily admitted by emergency certification. This procedure requires a petition be presented to the director of a State mental-health facility (Ill. Rev. Stat. 1985, ch. 91½, par. 3—601) and that the petition be accompanied by the certificate of a physician, qualified examiner, or clinical psychologist stating that the respondent is subject to involuntary admission and requires immediate hospitalization (Ill. Rev. Stat. 1985, ch. 91½, par. 3—602). The certificate must state that the respondent was examined within 72 hours of admission and must state the examiner's observations and specific reasons for the conclusion that respondent is in need of mental-health treatment. (Ill. Rev. Stat. 1985, ch. 91½, par. 3—602; *People v. Ralls* (1974), 23 Ill. App. 3d 96, 99, 318 N.E.2d 703.) The Code also requires a second certificate, executed by a psychiatrist and based on an examination conducted within 24 hours after admission. Ill. Rev. Stat. 1985, ch. 91½, par. 3—611.

The State sought to have respondent in the present case involuntarily admitted to the H. Douglas Singer Mental Health and Developmental Center in Rockford. Respondent had been a patient at a Rockford nursing home, and involuntary admission was sought based on respondent's behavior there. The petition was filed with the circuit court of Winnebago County on May 30, 1986, and the two certificates filed on June 2, 1986. The first certificate was executed May 29, 1986, and stated that the doctor examined respondent in April 1986 and was based on the observations of the nurses at the nursing home. The second certificate, executed May 30, 1986, found respondent mentally ill and, because of the illness, unable to care for herself. This opinion was based on the facts that respondent was "[m]ute, negativistic, off contact with reality, unaware of her surroundings, and extremely confused." The court conducted a hearing on June 5, 1986, and found respondent subject to involuntary commitment. Respondent does not contest the adequacy of the evidence at this hearing, but argues that the failure of the first certificate to comply with section 3—602 of the Code deprived the court of jurisdiction to order respondent's involuntary commitment.

Respondent argues that *People v. Ralls* (1974) 23 Ill. App. 3d 96, 99, 318 N.E.2d 703, requires a statement of specific reasons for the examiner's conclusion that respondent is subject to commitment and that these must be based on the examiner's own observations. Although *Ralls* was decided under the 1963 Code, its requirement of

specificity appears to apply to the present Code as well. (See *In re Rogers* (1985), 133 Ill. App. 3d 524, 529, 478 N.E.2d 1198.) Because of this specificity requirement, the argument continues, and the important interest served by it, failure to comply strictly therewith deprives the circuit court of jurisdiction. The petition and certification procedure are the only means established by the Code of commencing an involuntary-commitment proceeding. These processes are "the initial steps which set in motion the judicial process for commitment and their presentation to the superintendent of a hospital is part of that judicial process." *Olsen v. Karwoski* (1979), 68 Ill. App. 3d 1031, 1036, 386 N.E.2d 444.

The State concedes that the May 29 certificate is insufficient under section 3—602, but contends that this is not a prerequisite to the circuit court's jurisdiction. Although respondent relies heavily on *People v. Ralls* (1974), 23 Ill. App. 3d 96, 318 N.E.2d 703, the appellate court in that case refused to reverse the order of involuntary commitment despite the insufficiency of the certificate. The court stated:

"[I]f it were correctly determined at the subsequent hearing that the defendant was a person in need of mental treatment, it would not be in the best interest of society or of the defendant to reverse the court's decision on the grounds that the original emergency hospitalization was improper." 23 Ill. App. 3d 96, 100, 318 N.E.2d 703.

See also *In re Crenshaw* (1978), 62 Ill. App. 3d 260, 266, 378 N.E.2d 1260.

The general rule applied in other types of cases is that subject matter jurisdiction is the court's power to hear the type of case involved and does not depend on the sufficiency of the complaint or the correctness of the procedures employed. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 459-60, 312 N.E.2d 620; *Pecora v. Szabo* (1981), 94 Ill. App. 3d 57, 67, 418 N.E.2d 431; *Lemons v. Lemons* (1978), 57 Ill. App. 3d 473, 476, 373 N.E.2d 544.) Applying this general rule to the instant case, any deficiencies in the petition or accompanying certificates could not affect the court's power to enter the order of commitment. Since respondent does not challenge the sufficiency of the evidence on which the court based its finding, it would not serve the interest of respondent or of society to reverse the trial court's decision because of technical defects in the first certificate.

Respondent nonetheless argues that the 1977 Code intended not only to incorporate the *Ralls* requirements, but to strengthen them, quoting from the report of the Governor's commission which

studied the revision of the Code. Respondent fails to cite, however, any section of the Code, or any case decided under it, elevating the *Ralls* specificity requirements to the status of jurisdictional prerequisites. The procedural steps enumerated in the Code and enhanced by *Ralls* are undoubtedly important safeguards of the rights of persons subject to involuntary commitment (see *Olsen v. Karwoski* (1979), 68 Ill. App. 3d 1031, 1035-36, 386 N.E.2d 444), but as *Ralls* itself holds, they are not prerequisites to the court's jurisdiction.

For the foregoing reasons, the judgment of the circuit court of Winnebago County committing respondent to the H. Douglas Singer Mental Health and Developmental Center is affirmed.

Affirmed.

UNVERZAGT and HOPF, JJ., concur.