*In re* DAVID DEAN STONE, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. David Dean Stone, Respondent-Appellant).

Third District No. 3—88—0358

Opinion filed February 9, 1989.

Guardianship & Advocacy Commission, of Peoria (Cynthia Z. Tracy, of counsel), for appellant.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action was brought to involuntarily commit the respondent, David Dean Stone. A petition to involuntarily commit Stone was filed on May 9, 1988. A hearing was conducted on May 11, 1988. The court found Stone to be subject to involuntary admission and ordered him hospitalized in the Department of Mental Health and Developmental Disabilities.

On appeal Stone argues the following: (1) the petition supporting commitment and its accompanying certificates were insufficient; (2) the trial court erred in not considering an alternative treatment report; (3) he was denied effective assistance of counsel; and (4) the trial court's decision was not supported by clear and convincing evidence. In light of the view we take with regard to Stone's first contention, it is unnecessary to discuss his remaining arguments.

Stone first contends the petition supporting commitment and its accompanying certificates were insufficient. Specifically the medical certificates submitted by the State fail to indicate that Stone was examined by a psychiatrist. The Mental Health and Developmental Disabilities Code (Mental Health Code), section 3—703 (Ill. Rev. Stat. 1987, ch. 91½, par. 3—703), provides in relevant part, that if a certificate executed by a qualified examiner, clinical psychologist or physician who is not a psychiatrist has been filed, then the respondent is to be examined by a psychiatrist.

David Stone was examined by Everett Lyons, a qualified examiner, and by Dr. Maria Aranas, a physician. The State does not dispute that section 3—703 has not been complied with. However, the

State argues the reason no error resulted from the failure to file a certificate by a psychiatrist in conformity with section 3—703 is that said section is inapplicable to the instant situation.

The record indicates respondent had voluntarily admitted himself on July 1, 1987. Sometime thereafter the respondent signed a five-day request for discharge pursuant to section 3—403 of the Mental Health Code. (Ill. Rev. Stat. 1987, ch. 91½, par. 3—403.) Under section 3—403, all that need be filed to obtain a court hearing on the matter is a petition and two certificates conforming to the requirements of section 3—601 and section 3—602 of the Code. (Ill. Rev. Stat. 1987, ch. 91½, pars. 3—601, 3—602.) Section 3—602 requires the petition be accompanied by a certificate executed by a physician, qualified examiner or a clinical psychologist stating that respondent is subject to involuntary admission and requires immediate hospitalization.

The State contends that as a result of respondent's status as a voluntary admittee at the time the petition for involuntary admission was filed, the procedures to be followed were those contained in section 3—403 and not section 3—700 et seq. Thus, under the circumstances of this case, the certificates filed by the qualified examiner and physician under section 3—602 were sufficient to satisfy the requirements of section 3—403. Without citing any authority in support of its position, the State contends Stone's reliance upon section 3—703 is misplaced.

■ This argument is incorrect. A search of authority reveals that section 3—403 has been used to involuntarily admit an individual in emergency situations. (See, e.g., In re Wheeler (1987), 152 Ill. App. 3d 371, 504 N.E.2d 524; In re Crenshaw (1978), 62 Ill. App. 3d 260, 378 N.E.2d 1260; People v. Ralls (1974), 23 Ill. App. 3d 96, 318 N.E.2d 703.) This proceeding was to admit Stone by court order, not by emergency certification. In addition, sections 3—601 and 3—602 both contain the phrase "subject to involuntary admission," indicating separate and distinct requirements need to be fulfilled before a person is admitted by court order. Thus, section 3—703 applies and requires a psychiatric examination to complement the petition's nonpsychiatric certificate. Ill. Rev. Stat. 1987, ch. 91½, par. 3—703.

■ Involuntary commitment proceedings affect important liberty interests; thus, the need for strict compliance with statutory procedures is essential. (In re King (1986), 148 Ill. App. 3d 741, 499 N.E.2d 1032.) The Code is clear in its requirements when involuntarily admitting a party by court order. The State failed to follow the prescribed statutory requirements. Consequently, David Stone should not have been involuntarily admitted.

■■ A second response to Stone's noncompliance argument advanced by the State is that Stone has waived any error concerning the sufficiency of the certificates by failing to object to the errors at trial. Where, as here, the failure of compliance with statutory requirements is readily apparent of record, the circuit court's judgment is erroneous (*Martin v. Schillo* (1945), 389 Ill. 607, 60 N.E.2d 932), and the error may be considered on appeal under a doctrine analogous to the plain error doctrine (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.), despite the respondent's failure to call it to the attention of the trial court.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed.

Reversed.

WOMBACHER and BARRY, JJ., concur.