THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGIA VALENTINE, Defendant-Appellant.

Fifth District   No. 5—89—0588

Opinion filed August 13, 1990.

Jeff Plesko and Penelope Karns, both of Guardianship & Advocacy Commission, of Carbondale, for appellant.

H. Wesley Wilkins, State's Attorney, of Jonesboro (Kenneth R. Boyle, Stephen E. Norris, and Debra Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

The evidence was clear and convincing: Georgia Valentine was deluded; she had had hallucinations; her speech was impaired; she was irritable; she had attempted suicide; and she had been arrested for destroying a neighbor's property. She was a person who needed involuntary admission to a mental institution under the Illinois Mental Health and Developmental Disabilities Code. And, she was involuntarily admitted on a petition of a registered nurse and a certificate of a physician, pursuant to section 3—602 of the Mental Health and Developmental Disabilities Code (Mental Health Code or the Act) (Ill. Rev. Stat. 1987, ch. 91½, par. 3—602).

The issue we review is whether the failure to have Valentine examined by a psychiatrist within 24 hours of her admission as provided by the Mental Health Code (Ill. Rev. Stat. 1987, ch. 91½, par. 3—610) deprived the circuit court of Union County of the power to hear the petition and order her involuntary commitment to be continued after a hearing under article VIII of the Mental Health Code.

We hold that the failure deprived the court of power and reverse.

Georgia Valentine, admitted to a mental institution on an emergency basis, was not examined by a psychiatrist until 26 hours and 15 minutes after her involuntary, emergency admission—2 hours and 15 minutes late, according to the finding of the circuit court as well as the directive of the applicable statute. Ill. Rev. Stat. 1987, ch. 91½, par. 3—610.

Section 3—610 provides:

"As soon as possible but not later than 24 hours, excluding Saturdays, Sundays and holidays, after admission of a respond-

12

ent pursuant to this Article, the respondent shall be examined by a psychiatrist. *** If the respondent is not examined or if the psychiatrist does not execute a certificate pursuant to Section 3—602, the respondent shall be released forthwith." Ill. Rev. Stat. 1987, ch. 91½, par. 3—610.

Counsel was appointed for Valentine. The circuit court prepared to hear the original petition to determine whether her involuntary admission should be continued under the provisions of article VIII of the Act. Ill. Rev. Stat. 1987, ch. 91½, par. 3—800 et seq.

Before the hearing commenced, Valentine, through her counsel, moved: (1) to dismiss the petition for involuntary admission; and (2) that the circuit court order Valentine's release, because she had not been examined within 24 hours.

The circuit court, notwithstanding that the Act provided that she had to be examined by a psychiatrist not later than 24 hours of her admission, refused her motion to dismiss the petition, ruling that Valentine's rights had not been abridged, and proceeded to hear evidence on whether she should continue to be hospitalized.

The circuit court found that the State had established by clear and convincing evidence that Valentine was a person subject to involuntary admission and ordered her hospitalized for a period not to exceed 60 days.

■ The general rule requires construction of a statute so that the language is not rendered meaningless or superfluous. *People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.

■ Because the commitment here was involuntary and serious liberty interests were involved, there must be strict compliance with the statutory requirements. *In re Vancil* (1989), 183 Ill. App. 3d 204, 538 N.E.2d 1372; *In re Satterlee* (1986), 148 Ill. App. 3d 84, 499 N.E.2d 101; *In re Elkow* (1988), 167 Ill. App. 3d 187, 521 N.E.2d 290; *In re Riviere* (1989), 183 Ill. App. 3d 456, 539 N.E.2d 451.

■ The statute provides that unless examination is made as soon as possible, but not later than 24 hours, the patient shall be released. Georgia Valentine was not examined by a psychiatrist within 24 hours. She, therefore, should have been released. Since the court was determining whether she should continue to be held, the mandatory release provision contained in the statute can only be read to deprive the circuit court of the power to order her continued commitment. To read it otherwise would render the release provision meaningless, a reading contrary to the general rule of statutory construction.

The State argues that the 24-hour deadline is a technical requirement that does not affect basic rights and relies on *In re Wheeler*

(1987), 152 Ill. App. 3d 371, 504 N.E.2d 524, for the proposition that failure to adhere to technical requirements does not affect the circuit court's power to order involuntary commitment under article VIII.

*Wheeler* involved a certificate that is not involved in the case at bar. In that certificate, a physician stated that he had examined Wheeler and that he relied on the observations of nurses at the nursing home where Wheeler was housed, in order to arrive at his opinion that the respondent was in need of involuntary admission. Wheeler argued on appeal that *People v. Ralls* (1974), 23 Ill. App. 3d 96, 318 N.E.2d 703, required a physician to state specific reasons for the examiner's conclusions based solely on the examiner's own observations, and therefore, the certificate was invalid inasmuch as it also relied on observations of nurses in addition to the physician. The *Wheeler* court rejected that argument and held that section 3—602 of the Illinois Mental Health Code requires personal examination of the respondent and, so long as the examination personally was made, the physician could base his opinion that the respondent was in need of involuntary admission at least in part on the observations of others, a result not surprising in light of *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, and also consistent with the provisions of section 3—602.

*Wheeler*, therefore, does not address a failure to examine a patient, but rather addresses an evidentiary question.

We do not believe that *Wheeler* stands for the proposition that a physician does not have to timely examine a person involuntarily committed under the direction of section 3—610.

The State argues that even if the circuit court's finding was erroneous and against the manifest weight of the evidence, the result was correct and the error was "technical" rather than substantive so that respondent was not prejudiced by the two-hour delay. We do not believe that *Wheeler* stands for the proposition that failure to examine a patient is a mere technicality, given the clear directive of the statute.

The legislature has created a bright line. The State has 24 hours. No doubt, the bright line was created as a prophylactic against deciding these kinds of cases on an *ad hoc* basis. When we recall that other governments have used involuntary commitment to a mental hospital as a ruse, as a device to silence critics, we feel that this bright line is but one brick in a wall against the evils of tyranny that we, in this country, have erected. One brief glance toward the recent history of Eastern Europe is persuasive of the wisdom of that wall, the wisdom of this rule.

Any noncompliance with the statutory prescribed involuntary

commitment procedures renders the judgment entered in such a cause erroneous and of no effect. *In re Elkow* (1988), 167 Ill. App. 3d 187, 521 N.E.2d 290.

The circuit court is reversed.

Reversed.

HARRISON and RARICK, JJ., concur.