*In re* DENNIS LANTER, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Dennis Lanter, Respondent-Appellant).

Fourth District   No. 4—91—0072

Opinion filed July 31, 1991.

Penelope S. Karnes and Jeff M. Plesko, both of Guardianship & Advocacy Commission, of Carbondale, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Kevin T. McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Respondent Daniel Lanter challenges the judgment of the circuit court of Macon County, which found him to be a person subject to involuntary admission under the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1989, ch. 91½, pars. 3—600 through 3—611). Respondent argues the hearing on whether he should be involuntarily committed was not held within five days after the petition for involuntary admission was filed, as required by section 3—611 of the Code. The record indicates respondent's hearing was held six business days after the petition was filed, clearly violating the requirements of the Code. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—611.) We reverse.

On December 10, 1990, a petition for involuntary admission was filed, alleging respondent was a person subject to involuntary admission, pursuant to section 3—601 of the Code. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—601.) Also filed on December 10 were two certificates, executed by physicians who had examined respondent on December 8. Both certificates alleged respondent was a person subject to involuntary admission. On December 13, the trial judge set the hearing on respondent's case for December 18, six business days after the petition was filed. After the presentation of evidence at the December 18 hearing, the trial court found respondent to be a person subject to involuntary admission, and ordered his hospitalization. This appeal followed.

Article VI of the Code (Ill. Rev. Stat. 1989, ch. 91½, pars. 3—600 through 3—611) sets forth specific requirements that must be met before an individual is involuntarily admitted for hospitalization. Section 3—611 states, in relevant part, "Upon the filing of the petition and first certificate, the court *shall* set a hearing to be held within 5 days, excluding Saturdays, Sundays and holidays, after receipt of the petition." (Emphasis added.) (Ill. Rev. Stat. 1989, ch.

91½, par. 3—611.) From the face of the record, it is apparent this requirement was not met. The hearing must have been held no later than December 17 to meet the five-day statutory requirement of section 3—611.

The State argues the statute was complied with because the hearing was held within five days of the notice of hearing which was issued on December 13, and respondent has waived any error.

■ The State's first argument is without merit as section 3—611 unambiguously mandates the hearing must be held within five business days from the receipt, *i.e.*, *filing* of the petition, which clearly occurred on December 10, 1990. Ill. Rev. Stat. 1989, ch. 91½, par. 3—611.

The need for strict compliance with the statutory requirement is compelling in mental health cases since commitment is involuntary and liberty interests are involved. (*In re Elkow* (1988), 167 Ill. App. 3d 187, 193, 521 N.E.2d 290, 294 (involuntary commitment reversed where petition was untimely filed); *In re Satterlee* (1986), 148 Ill. App. 3d 84, 87, 499 N.E.2d 101, 103 (involuntary commitment reversed when petition was untimely filed).) The deadlines in article VI are not mere technicalities, they are bright lines the legislature created to avoid deciding these cases on an *ad hoc* basis and to prevent abuse of the procedures involved. (*People v. Valentine* (1990), 201 Ill. App. 3d 10, 13, 558 N.E.2d 807, 809.) Any noncompliance with a statutory procedure for involuntary admission renders the judgment in the case erroneous and of no effect. (*Elkow*, 167 Ill. App. 3d at 193, 521 N.E.2d at 294.) The trial court did not comply with the five-day requirement in section 3—611. Its judgment involuntarily committing respondent was erroneous and is of no effect.

The State claims respondent waived this error as he is now raising it for the first time. This contention is without merit because the error complained of is apparent from the face of the record, *i.e.*, that the hearing in this case was held more than five business days after the filing of the petition. Such errors, clearly demonstrating noncompliance with relevant statutory provisions, render the judgment erroneous and of no effect. *In re Whittenberg* (1986), 143 Ill. App. 3d 836, 839, 493 N.E.2d 662, 663.

The State argues *In re Splett* (1991), 143 Ill. 2d 225, 572 N.E.2d 883, supports its argument the circuit court's judgment need not be reversed despite the statutory violation. However, in *Splett* the respondent received actual notification of the hearing, but the record failed to contain affirmative proof of formal notice as required by section 3—706 (Ill. Rev. Stat. 1987, ch. 91½, par. 3—706). The supreme

court held that as he had actual notice, and appeared at the hearing with his attorney, the purposes of the notice provision were fulfilled, and the error was deemed harmless. (*Splett*, 143 Ill. 2d at 228, 572 N.E.2d at 886.) *Splett* does not lessen the need for strict compliance to the deadlines in mental health cases that are contained in the Code. It only excused the requirement of proof of formal notice of a hearing when the circumstances indicated the respondent had actual notice.

Judgment of the circuit court of Macon County is reversed.

Reversed.

SPITZ and McCULLOUGH, JJ., concur.