In *re* DANIEL CLARK, a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Daniel Clark, Respondent-Appellant).

Fourth District No. 4—91—0037

Opinion filed October 30, 1991.

D. Peter Wise, of Metnick, Barewin & Wise, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Respondent Daniel Clark was involuntarily admitted to the Department of Mental Health and Developmental Disabilities (Department) by the circuit court of Sangamon County on December 11, 1990, pursuant to a petition for involuntary admission under the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1989, ch. 91½, par. 3—701). Respondent appeals, contending the trial court erred in denying his motion to dismiss and for discharge. We disagree and affirm.

Respondent was voluntarily admitted to Andrew McFarland Mental Health Center (McFarland) on May 23, 1989, as a transfer from the H. Douglas Singer Mental Health and Development Center (Singer). He was apparently admitted to Singer after his release from the Illinois Department of Corrections, where he had served 7½ years' imprisonment for the voluntary manslaughter of his father.

On October 5, 1990, respondent requested a discharge under section 3—403 of the Code. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—403.) Such a request and the release may be stayed if a petition and two certificates conforming to the requirements of sections 3—601(b) and 3—602 are filed. (Ill. Rev. Stat. 1989, ch. 91½, pars. 3—601(b), 3—602.) The Department timely filed a petition on October 15, 1990, accompanied by *one* certificate. The second certificate required by section 3—403 was not filed until October 19, 1990.

The hearing scheduled for October 19, 1990, was continued at the request of respondent's attorney to October 26, 1990. The hearing

scheduled that date was continued at the request of respondent's attorney to November 2, 1990. The hearing scheduled that date was continued at the request of the State, without objection by respondent, to November 9, 1990.

At the November 9 hearing, respondent filed a motion to dismiss alleging certain deficiencies in the original petition and pointing out the second certificate required by section 3—403 was not timely filed. Judge Sue Myerscough granted the motion to dismiss, but entered an order for the temporary detention and examination of respondent pursuant to section 3—607 (Ill. Rev. Stat. 1989, ch. 91½, par. 3—607). A new petition accompanied by *one* certificate was filed on that date in response to the order to detain and examine.

The case was set for hearing on November 16, 1990. On November 15, 1990, the Department filed yet another petition under section 3—701 (Ill. Rev. Stat. 1989, ch. 91½, par. 3—701) accompanied by two certificates. At the November 16, 1990, hearing, Judge Diane Brunton found the second petition (November 9) was invalid, but denied respondent's motion to dismiss and for discharge because the third petition (November 15) was correct in form, was accompanied by two certificates and everyone was appropriately notified of the hearing date.

The hearing was partially completed when Judge Brunton realized she had authorized the use of an eavesdropping device at McFarland to monitor the alleged efforts of respondent to hire a hit man to murder several of his enemies. The trial judge reset the matter to November 21, but continued it to November 30 on motion of respondent's counsel. She then recused herself.

A hearing was finally conducted on December 11, 1990, and Judge Stuart Shiffman found the petition proved by clear and convincing evidence, *i.e.*, respondent suffered from a mental illness, and could reasonably be expected to inflict serious harm on another in the near future. Respondent was ordered hospitalized in the Department.

Respondent raises three issues on appeal: did the trial court's temporary detention order meet statutory guidelines, did the trial court err in allowing the State to proceed on its third petition when respondent should have been released prior to the filing of the third petition because of the State's failure to have him examined by a psychiatrist within the statutorily prescribed time, and did the trial court err in allowing the State to proceed on the third petition when the record fails to show proper notice? The State essentially argues everything before November 15, 1990 (the filing of the third petition), is moot and irrelevant.

The trial court's order of November 9, 1990, which dismissed the first petition and ordered respondent detained and examined, did not set forth in detail the facts which were the basis for its conclusion that respondent was subject to involuntary admission and in need of immediate hospitalization. The order must contain such detail (Ill. Rev. Stat. 1989, ch. 91½, par. 3—607). However, the trial judge took sworn testimony regarding respondent's condition and threats he had made, and ordered the temporary detention and examination on that basis. Respondent did not object and his counsel even attempted to waive the late filing of the second certificate, but the trial judge refused the attempted waiver.

The State filed a new petition accompanied by one certificate on November 9, but failed to have respondent examined within 24 hours by a psychiatrist other than the person who executed the first certificate as required by section 3—610 (Ill. Rev. Stat. 1989, ch. 91½, par. 3—610). The relief for such a failure to conduct an examination is the release of respondent.

By the time respondent's counsel made this omission known to the court on November 16, 1990, a third petition in proper form with two certificates had been filed on November 15, 1990. At this hearing, respondent's counsel once again failed to complain about Judge Myerscough's failure to set forth in detail the facts supporting the temporary detention. Instead, counsel focused on the failure of the Department to have respondent examined by a psychiatrist. The trial court agreed a psychiatric examination and second certificate were necessary. However, the inadequacy of the second petition and the failure of the Department to conduct a psychiatric examination did not prevent the court from proceeding to hearing on the third petition.

The hearing proceeded until Judge Brunton remembered the eavesdrop authorization, and the petition was then set before another judge, Judge Shiffman. Respondent made no objection regarding notice at either the November 16, 1990, hearing or the December 11, 1990, hearing. His complaints about the lack of detail in the temporary detention order, the failure of the Department to have respondent examined by another psychiatrist, and the inadequate notice on the third petition come for the first time on appeal. Respondent has waived any consideration of these issues.

██ █ Strict adherence to the Code is necessary to protect the rights of persons involuntarily placed within the mental health system. (*In re Elkow* (1988), 167 Ill. App. 3d 187, 521 N.E.2d 290.) Certain errors apparent on the face of the record which demonstrate noncompliance with relevant statutory provisions may render a judgment errone-

ous even if not complained of at trial. (*In re Lanter* (1991), 216 Ill. App. 3d 972, 576 N.E.2d 1219.) However, any errors here were either corrected by action of the trial court or harmless. The record supports the temporary detention and examination of the respondent. The record supports the trial court's determination the invalidity of the second petition did not preclude the State from going forward on the entirely proper third petition. It would serve no purpose to order the respondent released because he was not examined within 24 hours by another psychiatrist given the filing of the third petition properly supported by two certificates and filed the day *before* respondent appeared in court to complain of the inadequate second petition.

 To the extent notice did not meet statutory guidelines, it was nonetheless adequate. Respondent, his counsel, and every party involved in the case had actual notice of the November 16, 1990, hearing date. Everyone involved knew it was the State's desire to commit the respondent. Everyone knew who the witnesses would be.

Respondent was present and represented by counsel. Counsel answered ready, cross-examined the State's witnesses, called the respondent to testify, and vigorously argued the merits of the case. Respondent had ample time to prepare and much of the original delay was attributable to respondent. Neither respondent nor his counsel objected to the adequacy of notice on either November 16 or December 11, 1990. No prejudice is suggested as the result of any lack of formal notice. When the purposes of the notice provision are fulfilled and respondent suffers no prejudice, the absence of proof in the record of formal notice does not require reversal of the admission order. *In re Splett* (1991), 143 Ill. 2d 225, 232, 572 N.E.2d 883, 886.

While we reject respondent's arguments, we are singularly unimpressed with the efforts of the Department and the State's Attorney of Sangamon County to follow statutory procedures seeking commitment of the respondent. The commitment of a mentally ill individual previously convicted of the voluntary manslaughter of his father, who continues to make threats, and who is the subject of a criminal investigation for the solicitation of murder, is a matter of sufficient priority that the appropriate authorities ought be able to follow the clear requirements of the Code.

The judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.