*In re* VICKY L. ELLIS (The People of the State of Illinois, Petitioner-Appellee, v. Vicky L. Ellis, Respondent-Appellant).

Third District   No. 3—96—0332

Opinion filed October 30, 1996.

Cynthia Z. Tracy, of Guardianship & Advocacy Commission, of Peoria, and Jeff M. Plesko, of Guardianship & Advocacy Commission, of Anna, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE-McCUSKEY delivered the opinion of the court:

The respondent, Vicky L. Ellis, appeals from the judgment of the circuit court of Peoria County finding her subject to involuntary admission to a mental health facility and authorizing the involuntary administration of psychotropic medication.

Following our careful review of the record, we find the State failed to prove that the respondent was examined within 24 hours of

her admission pursuant to section 3—610 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/3—610 (West 1994)). As a result, we reverse.

## FACTS

At 3 p.m. on March 12, 1996, an emergency room doctor at Illinois Valley Hospital certified that the respondent was mentally ill and could reasonably be expected to inflict harm upon herself. The doctor's certificate said the respondent tried to kill herself by cutting her right wrist and index finger. Based on this certificate, the respondent was admitted to the Zeller Mental Health Center (Zeller) the following day.

At 2:36 p.m. on March 13, 1996, a petition for involuntary admission was filed in the office of the circuit clerk of Peoria County. The petition included a psychologist's certificate that he gave the respondent a copy of the petition at "1100," within 12 hours of her admission to Zeller. Because the petition was filed at 2:36 p.m., we conclude that a copy of the petition was given to the respondent at 11 *a.m.*

Dr. Jayalakshmi Attaluri examined the respondent at noon on March 14, 1996, and certified that the respondent was mentally ill and in need of involuntary admission to a mental health facility.

## ANALYSIS

■ Section 3—610 of the Code provides that if a person admitted to a mental health facility by emergency certification is not examined by a psychiatrist within 24 hours of admission, that person "*shall be released forthwith.*" (Emphasis added.) 405 ILCS 5/3—610 (West 1994). The Code's procedural safeguards are not mere technicalities; they are essential tools to protect the liberty interests of persons adjudged to be mentally ill. *In re Luttrell*, 261 Ill. App. 3d 221, 230, 633 N.E.2d 74, 81 (1994). These safeguards must be strictly construed in favor of the respondent. *In re La Touche*, 247 Ill. App. 3d 615, 618, 617 N.E.2d 844, 846 (1993).

It is well-settled law that the 24-hour examination rule is a bright-line rule and failure to conduct an examination within 24 hours results in the release of the respondent. See *In re Rovelstad*, 281 Ill. App. 3d 956, 965, 667 N.E.2d 720, 725 (1996); *In re Valentine*, 201 Ill. App. 3d 10, 13-14, 558 N.E.2d 807, 809-10 (1990); see also *La Touche*, 247 Ill. App. 3d at 620, 617 N.E.2d at 847 (holding that the 24-hour deadline for filing a petition for commitment is a bright-line rule). The burden is upon the State to affirmatively demonstrate that it has complied with the mandates of the Code. *Rovelstad*, 281 Ill. App. 3d at 965, 667 N.E.2d at 725.

■ In the case at hand, the record shows that Dr. Attaluri's ex-

amination of the respondent did not occur within 24 hours of the respondent's admission to Zeller. The psychologist certified that the respondent was given a copy of the petition for involuntary commitment at 11 a.m. on March 13, within 12 hours of the respondent's admission. The record also reflects that the doctor's examination did not occur until noon on March 14. Because the doctor's examination was at least one hour too late, the State has failed to prove it complied with the requirements of the Code. Accordingly, the judgment committing the respondent to the mental health facility must be reversed.

■ While our decision concerning the untimely examination of the respondent is dispositive of the case, we are compelled to note one other apparent error on the part of the State. Section 3—601(b)(2) of the Code provides that the petition for involuntary admission must contain the name and address of the spouse, parent, guardian, close relative or friend of the respondent. If the petitioner cannot supply the name, then he or she must state that a diligent inquiry has been made and must specify the steps taken in that inquiry. 405 ILCS 5/3—601(b)(2) (West 1994).

The petition filed against the respondent does not list the names and addresses required by the statute, nor does it contain a statement of diligent inquiry. The State admits the respondent has been previously hospitalized on approximately 20 occasions and that the respondent's mother has maintained contact with Zeller. From these facts, we can find no excuse for the State's failure to comply with the requirements of section 3—601(b)(2).

## CONCLUSION

In sum, for the reasons stated, the State failed to comply with the 24-hour examination rule found in section 3—610 of the Code. As a consequence, we reverse the respondent's involuntary commitment. Because of our holding, we will not address the other issues raised in this appeal.

Accordingly, the judgment of the circuit court of Peoria County is reversed.

Reversed.

HOLDRIDGE, P.J., and MICHELA, J., concur.