No. 3--96--0332

    _________________________________________________________________

                                    

                                 IN THE

                                    

                       APPELLATE COURT OF ILLINOIS

                                    

                             THIRD DISTRICT

                                    

                               A.D., 1996

                                    

IN THE MATTER OF VICKY L.        )  Appeal from the Circuit Court

ELLIS                            )  for the 10th Judicial Circuit

                                 )  Peoria County, Illinois

(THE PEOPLE OF THE STATE OF      )

ILLINOIS,                       )

                                 )

     Petitioner-Appellee,        )  No. 96--MH--75

                                 )

     v.                          )

                                 )

VICKY L. ELLIS,                  )  Honorable

                                 )  E. Michael O'Brien,

     Respondent-Appellant).      )  Judge Presiding

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

     The respondent, Vicky L. Ellis, appeals from the judgment of

the circuit court of Peoria County finding her subject to

involuntary admission to a mental health facility and authorizing

the involuntary administration of psychotropic medication.  

     Following our careful review of the record, we find the State

failed to prove that the respondent was examined within 24 hours of

her admission pursuant to section 3--610 of the Mental Health and

Developmental Disabilities Code (Code) (405 ILCS 5/3--610 (West

1994)).  As a result, we reverse.

                                   FACTS

     At 3 p.m. on March 12, 1996, an emergency room doctor at

Illinois Valley Hospital certified that the respondent was mentally

ill and could reasonably be expected to inflict harm upon herself. 

The doctor's certificate said the respondent tried to kill herself

by cutting her right wrist and index finger.  Based on this

certificate, the respondent was admitted to the Zeller Mental

Health Center (Zeller) the following day.

     At 2:36 p.m. on March 13, 1996, a petition for involuntary

admission was filed in the office of the circuit clerk of Peoria

County.  The petition included a psychologist's certificate that he

gave the respondent a copy of the petition at "1100", within 12

hours of her admission to Zeller.  Because the petition was filed

at 2:36 p.m., we conclude that the a copy of the petition was given

to the respondent at 11 a.m.

     Dr. Jayalakshmi Attaluri examined the respondent at noon on

March 14, 1996, and certified that the respondent was mentally ill

and in need of involuntary admission to a mental health facility.

                                 ANALYSIS

     Section 3--610 of the Code provides that if a person admitted

to a mental health facility by emergency certification is not

examined by a psychiatrist within 24 hours of admission, that

person "shall be released forthwith."  (Emphasis added.)  405 ILCS

5/3--610 (West 1994).  The Code's procedural safeguards are not

mere technicalities; they are essential tools to protect the

liberty interests of persons adjudged to be mentally ill.  In re

Luttrell, 261 Ill. App. 3d 221, 230, 633 N.E.2d 74, 81 (1994). 

These safeguards must be strictly construed in favor of the

respondent.  In re La Touche, 247 Ill. App. 3d 615, 618, 617 N.E.2d

844, 846 (1993).  

     It is well-settled law that the 24-hour examination rule is a

bright line rule and failure to conduct an examination within 24

hours results in the release of the respondent.  See In re

Rovelstad, 281 Ill. App. 3d 956, 965, 667 N.E.2d 720, 725 (1996);

In re Valentine, 201 Ill. App. 3d 10, 13-14, 558 N.E.2d 807, 809-10

(1990); see also La Touche, 247 Ill. App. 3d 615, 620, 617 N.E.2d

844, 847 (holding that the 24-hour deadline for filing a petition

for commitment is a bright line rule).  The burden is upon the

State to affirmatively demonstrate that it has complied with the

mandates of the Code.  Rovelstad, 281 Ill. App. 3d at 965, 667

N.E.2d at 725.

     In the case at hand, the record shows that Dr. Attaluri's

examination of the respondent did not occur within 24 hours of the

respondent's admission to Zeller.  The psychologist certified that

the respondent was given a copy of the petition for involuntary

commitment at 11 a.m. on March 13, within 12 hours of the

respondent's admission.  The record also reflects that the doctor's

examination did not occur until noon on March 14.  Because the

doctor's examination was at least one hour too late, the State has

failed to prove it complied with the requirements of the Code. 

Accordingly, the judgment committing the respondent to the mental

health facility must be reversed.

     While our decision concerning the untimely examination of the

respondent is dispositive of the case, we are compelled to note one

other apparent error on the part of the State.  Section 3--

601(b)(2) of the Code provides that the petition for involuntary

admission must contain the names and addresses of the spouse,

parent, guardian, close relative or friend of the respondent.  If

the petitioner cannot supply the names, then he or she must state

that a diligent inquiry has been made and must specify the steps

taken in that inquiry.  405 ILCS 5/3--601(b)(2) (West 1994).

     The petition filed against the respondent does not list the

names and addresses required by the statute, nor does it contain a

statement of diligent inquiry.  The State admits the respondent has

been previously hospitalized on approximately 20 occasions and that

the respondent's mother has maintained contact with Zeller.  From

these facts, we can find no excuse for the State's failure to

comply with the requirements of section 3--601(b)(2).

                                CONCLUSION

     In sum, for the reasons stated, the State failed to comply

with the 24-hour examination rule found in section 3--610 of the

Code.  As a consequence, we reverse the respondent's involuntary

commitment.  Because of our holding, we will not address the other

issues raised in this appeal.

     Accordingly, the judgment of the circuit court of Peoria

County is reversed.

     Reversed.

     HOLDRIDGE, P.J., and MICHELA, J., concur.