*In re* TODD DeLONG, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Todd DeLong, Respondent-Appellant).

Third District    No. 3—96—0852

Opinion filed July 3, 1997.

Cynthia Z. Tracy, of Guardianship & Advocacy Commission, of Peoria, and Jeff Plesko, of Guardianship & Advocacy Commission, of Anna, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The respondent, Todd DeLong, appeals from the judgment of the circuit court finding him in need of involuntary admission to a mental health facility and authorizing the involuntary administration of psychotropic medication. The respondent argues that his due process rights were violated because the State failed to comply with recently enacted procedural requirements for obtaining the authorization to administer psychotropic medication (see 405 ILCS 5/2—107.1 (West 1996)). For reasons that follow, we reverse the trial court's authorization of involuntary administration of psychotropic medication.

The record shows that on September 9, 1996, the State filed a petition seeking to have the respondent involuntarily admitted to the Zeller Mental Health facility. That same day, the State filed a petition requesting authorization for the involuntary administration of psychotropic medication to the respondent. On September 10, 1996, the respondent was served with notice that a hearing was scheduled for September 11, 1996. However, it appears the respondent was never actually served with a copy of the involuntary medication petition. Nevertheless, on September 11, 1996, a joint hearing was held on both petitions. The court found that the respondent was subject to involuntary admission and ordered hospitalization for up to 180 days. The court also authorized the administration of psychotropic medication for 90 days.

The respondent appeals, arguing that his due process rights were violated because the State failed to: (1) timely provide him with a copy of the involuntary medication petition (see 405 ILCS 5/2—107.1(a)(1) (West 1996)); and (2) hold a separate hearing on the involuntary medication petition (see 405 ILCS 5/2—107.1(a)(2) (West 1996)).

■ Section 2—107.1 of the Mental Health and Developmental Disabilities Code (the Code) relates to the administration of psychotropic medication upon application to the court. 405 ILCS 5/2—107.1 (West 1996). Section 2—107.1 was amended effective June 1, 1996, to include the following procedural safeguards:

"(1) Any person 18 years of age or older, including any guardian, may petition the circuit court for an order authorizing the administration of psychotropic medication to a recipient of services. *The petitioner shall deliver a copy of the petition, and notice of the time and place of the hearing, to the respondent, his or her attorney, and the guardian, if any, no later than 10 days prior to the date of the hearing.* ***

(2) The court shall hold a hearing within 14 days of the filing of the petition. *** *The hearing shall be separate from a judicial proceeding held to determine whether a person is subject to involuntary admission.*" (Emphasis added.) 405 ILCS 5/2—107.1(a)(1), (a)(2) (West 1996).

■ In the case at hand, there is nothing in the record establishing that the respondent was provided with a copy of the involuntary medication petition as is required by section 2—107.1(a)(1) of the Code. See *In re Ellis*, 284 Ill. App. 3d 691, 693, 672 N.E.2d 893, 894 (1996) ("The burden is upon the State to affirmatively demonstrate that it has complied with the mandates of the Code"). Moreover, the involuntary medication hearing was clearly not separate from the involuntary admission hearing, as is required by section 2—107(a)(2) of the Code. The State argues that the failure to comply with the procedural safeguards of section 2—107.1(a) was either waived by the respondent's failure to object in the trial court or harmless error.

We note that waiver is a limitation upon the parties and not upon the courts, "and a reviewing court may ignore the waiver rule in order to achieve a just result." *People v. Hoskins*, 101 Ill. 2d 209, 219, 461 N.E.2d 941, 946 (1984). In view of the nature of the proceedings and the important liberty interests involved, we decline the State's invitation to find waiver in the case at hand.

We likewise decline the State's invitation to find that its failure to comply with section 2—107.1 of the Code constituted harmless error. We concede that, based upon the record before us, it is impossible to tell the extent to which the respondent was prejudiced by the State's failure to comply with the procedural safeguards of section 2—107.1. Nevertheless, there is a strong potential for prejudice and important liberty interests are involved. Moreover, the procedural safeguards enacted by the legislature for mental health cases are not mere technicalities that may be routinely disregarded by the State.

*In re Luttrell*, 261 Ill. App. 3d 221, 633 N.E.2d 74 (1994). Rather, they are essential tools to protect the liberty interests of persons alleged to be mentally ill. *Ellis*, 284 Ill. App. 3d 691, 672 N.E.2d 893. We believe a harmless error finding would send the wrong signal and suggest that we condone the ignoring of clearly established procedural protections. Accordingly, we are unwilling to find that the State's noncompliance constituted harmless error.

For the reasons set forth above, we reverse the circuit court of Peoria County's authorization of involuntary administration of psychotropic medication. The judgment is otherwise affirmed.

Affirmed in part and reversed in part.

HOLDRIDGE and McCUSKEY, JJ., concur.