No. 3--96--0852

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 1997

IN THE MATTER OF  ) Appeal from the Circuit Court

 ) of the 10th Judicial Circuit,

TODD DELONG ) Peoria County, Illinois,

(Asserted to be a Person  )

Subject to Involuntary )

Admission) )

 )

(THE PEOPLE OF THE STATE ) No. 96--MH--243

OF ILLINOIS, )

 )

Petitioner-Appellee, ) 

 )

v. )

 )

TODD DELONG,                    ) Honorable

                                ) C. Brett Bode,

Respondent-Appellant). ) Judge, Presiding.

_________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

The respondent, Todd DeLong, appeals from the judgment of the circuit court finding him in need of involuntary admission to a mental health facility and authorizing the involuntary administration of psychotropic medication.  The respon­dent argues that his due process rights were violated because the State failed to comply with recently enacted procedural require­ments for obtain­ing the authorization to admin­is­ter psychotropic medica­tion (see 405 ILCS 5/2--107.1 (West 1996)).  For reasons which follow, we re­verse the trial court's authoriza­tion of involuntary admin­is­tra­tion of psychotropic medication.

The record shows that on September 9, 1996, the State filed a petition seeking to have the respondent involuntarily admitted to the Zeller Mental Health facility.  That same day, the State filed a petition re­quest­ing autho­ri­za­tion for the invol­un­tary admin­is­tration of psychotropic medica­tion to the respon­dent.  On Septem­ber 10, 1996, the respondent was served with notice that a hearing was scheduled for September 11, 1996.  However, it appears the respondent was never actually served with a copy of the involun­tary medication petition.  Nevertheless, on September 11, 1996, a joint hearing was held on both peti­tions.  The court found that the respon­dent was subject to invol­untary admis­sion and ordered hospital­ization for up to 180 days.  The court also authorized the administration of psycho­tropic medica­tion for 90 days.  

The respondent appeals, arguing that his due process rights were violated because the State failed to: (1) timely provide him with a copy of the invol­un­tary medica­tion petition (see 405 ILCS 5/2--107.1(a)(1) (West 1996)); and (2) hold a separate hearing on the involuntary medication peti­tion (see 405 ILCS 5/2--107.1(a)(2) (West 1996)).

Section 2--107.1 of the Mental Health and Devel­op­men­tal Disabilities Code (the Code) relates to the administration of psycho­trop­ic medication upon application to the court.  405 ILCS 5/2--107.1 (West 1996).  Section 2--107.1 was amended effective June 1, 1996, to include the following proce­dural safeguards:

  "(1)  Any person 18 years of age or older, including any guardian, may petition the circuit court for an order authorizing the administration of psychotropic medication to a recipient of services.  
The petitioner shall deliver a copy of the petition, and notice of the time and place of the hearing, to the respondent, his or her attorney, and the guardian, if any, no later than 10 days prior to the date of the hearing.
 ***

  (2) The court shall hold a hearing within 14 days of the filing of the petition. *** 
The hearing shall be separate from a judicial proceeding held to determine whether a person is subject to involuntary admission.
"
  (Empha­sis add­ed.)  405 ILCS 5/2--107.1(a)(1), (2) (West 1996).

In the case at hand, there is nothing in the record establishing that the respondent was provided with a copy of the involun­tary medica­tion peti­tion as is required by section 2--107.1(a)(1) of the Code.  See 
In re Ellis
, 284 Ill. App. 3d 691, 693, 672 N.E.2d 893, 894 (1996) ("The burden is upon the State to affirmatively demon­strate that it has complied with the mandates of the Code.").  More­over, the invol­un­tary medica­tion hearing was clearly not sepa­rate from the invol­un­tary admis­sion hear­ing, as is required by section 2--107(a)(2) of the Code.  The State argues that the failure to comply with the procedural safe­guards of section 2--107.1(a) was either waived by the respon­dent's failure to object in the trial court or harmless error.

We note that waiver is a limitation upon the parties and not upon the courts, "and a reviewing court may ignore the waiver rule in order to achieve a just result."  
People v. Hoskins
, 101 Ill. 2d 209, 219, 461 N.E.2d 941, 946 (1984).  In view of the nature of the proceedings and the important liberty interests involved, we decline the State's invita­tion to find waiver in the case at hand.

We likewise decline the State's invitation to find that its failure to comply with section 2--107.1 of the Code constituted harm­less error.  We concede that based upon the record before us, it is impos­sible to tell the extent to which the respon­dent was prejudiced by the State's failure to comply with the procedural safe­guards of section 2--107.1.  Nevertheless, there is a strong poten­tial for preju­dice and impor­tant liberty inter­ests are involved.  Moreover, the proce­dural safe­guards enacted by the legis­lature for mental health cases are not mere techni­calities which may be rou­tine­ly disre­gard­ed by the State.  
In re Luttrell
, 261 Ill. App. 3d 221, 633 N.E.2d 74 (1994).  Rather, they are essential tools to protect the liberty interests of persons alleged to be mentally ill.  
Ellis
, 284 Ill. App. 3d 691, 672 N.E.2d 893.  We believe a harm­less error finding would send the wrong signal and suggest that we condone the ignoring of clearly estab­lished procedural protections.  According­ly, we are unwilling to find that the State's noncompli­ance constituted harm­less error.

For the reasons set forth above, we re­verse the circuit court of Peoria County's authoriza­tion of invol­un­tary administration of psycho­trop­ic medica­tion.  The judgment is otherwise affirmed. 

Affirmed in part and reversed in part.

 HOLDRIDGE and McCUSKEY, J.J., concur.