lar to *People v. Scott* (1977), 45 Ill. App. 3d 487, 359 N.E.2d 878, which was affirmed by *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540.

*In re* BOYD SHIRLEY, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Boyd Shirley, Respondent-Appellant).

Fourth District No. 4—86—0537

Opinion filed March 3, 1987.—Rehearing denied May 29, 1987.

Jeff Plesko and Maureen M. McCord, both of Guardianship & Advocacy Commission, of Champaign, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Peter C. Drummond, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Following a hearing in the circuit court of Macon County, respondent was declared to be a person subject under the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1985, ch. 91½, par. 3—600 et seq.) to involuntary admission to a mental-health facility. The court ordered respondent hospitalized at St. Mary's Hospital in Decatur. Respondent now appeals, contending that (1) the circuit court erred in denying his motions for discharge and for dismissal of the petition; (2) the circuit court's order was void as a matter of law; and (3) the filing of the second petition, with which this case was instituted below, failed to conform to the requirements of the Code, thereby rendering the order void.

After filing his notice of appeal, respondent moved in this court on October 27, 1986, to supplement the record with documents showing the procedural history of the State's aborted attempt, immediately preceding the hearing below, to obtain a hearing and court order for his involuntary commitment immediately following his involuntary emergency admission under article VI of the Code (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—600 through 3—611). The documents consist of the following: (1) an undated petition for involuntary judicial admission, signed by respondent's spouse and son, as witnesses, and filed with the circuit court on July 28, 1986 (a copy of the back, where the facility director is required to sign and date the form, is not included); (2) two certificates dated, respectively, July 27 and 28, 1986, also filed with the circuit court on July 28, 1986; (3) an order, filed with that court July 29, 1986, indicating the cause was dismissed upon oral motion of petitioner; (4) petitioner's motion, filed with the court August 1, 1986, to reinstate the initial petition, alleging in relevant part a clerical error in the State's Attorney's office indicating on that petition that respondent had voluntarily admitted himself to St. Mary's Hospital; (5) a notice of change of status filed with the court sometime in October 1986, signed by the facility director of St. Mary's Hospital on October 2, 1986, indicating respondent was discharged September 25, 1986; (6) a docket sheet in case No. 86—MH—95 reflecting the procedural history of the case; and (7) a clerk's certificate of copy, with judge's verification, certified by the signature and seal of the Macon county clerk of the circuit court on October 10, 1986, certifying that the above documents are true, correct, and complete copies. It was ordered that the motion be taken with the case.

On appeal, petitioner seeks to persuade this court to deny respondent's motion to supplement. We are not persuaded and the mo-

tion to supplement the record is allowed.

Initially respondent was admitted to Decatur Memorial Hospital on July 27, 1986, although the record on appeal is unclear whether the admission was on emergency admission by certification (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—600 through 3—611) or an admission by court order (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—700 through 3—706). It would appear the original petition was a petition under article VII of chapter 3 of the Code. Respondent was then transferred to St. Mary's Hospital in Decatur.

A petition for involuntary admission was filed in the circuit court, although again it is impossible to tell from the record the date of filing. A reasonable inference from the briefs of the parties indicates a filing on either July 27, 28, or 29, 1986. Appropriate certificates were subsequently filed.

On July 30, 1986, petitioner moved to dismiss the petition, which the court allowed by written order entered the same day. On August 1, 1986, petitioner filed a written motion to reinstate the petition. At the hearing on the motion to reinstate, petitioner and respondent appeared by their respective counsel and the court denied the motion. A new petition for involuntary judicial admission was filed on the same day supported by a qualified examiner's certificate. The second certificate was filed on August 4, 1986. The court set the petition for hearing on August 6, 1986, and appointed counsel for respondent and ordered notice of the hearing to be given to all necessary parties. The record on appeal is unclear as to whether respondent had been discharged under the original petition. The petition filed August 1, 1986, is a petition under article VII of chapter 3 of the Code (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—700 through 3—706).

Notice of the August 6, 1986, hearing was served upon respondent and respondent's counsel on August 5, 1986. Both respondent and his counsel were present in court for the August 6, 1986, hearing.

At the conclusion of the hearing the court found respondent to be a person subject to involuntary admission and ordered him hospitalized in St. Mary's Hospital, Decatur, Illinois. Respondent appeals. We affirm.

We now address the merits of respondent's contention. Respondent contends that failure of the record to show compliance with relevant statutory provisions renders the judgment void. Respondent argues there was a failure to comply with section 3—611 of the Code which provides in pertinent part:

"Within 24 hours, excluding Saturdays, Sundays and holidays, after the respondent's admission under this Article, the facility director of the facility shall file 2 copies of the petition, the first certificate, and proof of service of the petition and statement of rights upon the respondent with the court in the county in which the facility is located." (Ill. Rev. Stat. 1985, ch. 91½, par. 3—611.)

Respondent contends the facility director failed to file two copies of the petition and other documents required under section 3—611 within 24 hours of respondent's admission, citing *In re Satterlee* (1986), 148 Ill. App. 3d 84, 499 N.E.2d 101. While respondent's contention is correct, the facts here are distinguishable from *Satterlee*.

Petitioner here dismissed the original petition. Thereafter a new petition for involuntary admission under article VII of the Code was filed. Section 3—611 does not apply to petitions filed under article VII. The pertinent provisions regarding filing, notice and a hearing within five days under sections 3—706 were complied with. There is no language in article VI or VII which prevents a petitioner from voluntarily dismissing a petition and refiling a new petition. The petitioner made a *bona fide* effort to procure a hearing on the original petition and when this failed immediately filed a second petition. There is nothing in the record to indicate how much, if any, time respondent spent in St. Mary's Hospital after the first petition was dismissed until the hearing on the second petition.

Respondent's argument in comparing the situation here with those arising under section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5) is not persuasive. No authority is cited by respondent for this contention.

The trial court treated the petition filed on August 1, 1986, as a new proceeding. We conclude he was correct. No error.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.