FOREST PRESERVE DISTRICT OF WILL COUNTY, Plaintiff-Appellant, v. JAMES VANDERLAAN *et al.*, Defendants-Appellees.

Third District   No. 3—91—0254

Opinion filed January 6, 1992.—Rehearing denied April 28, 1992.

Kroesch & Kavanagh Law Office, Ltd., of Joliet (Joseph H. Singer, of counsel), for appellant.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Thomas R. Wilson, of counsel), for appellees.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Plaintiff, the Forest Preserve District of Will County (the District), appeals from a judgment of the circuit court of Will County dismissing its condemnation complaint. For reasons that follow, we reverse.

The action on appeal was filed on June 16, 1989, and named defendants James and Deborah M. Vanderlaan and unknown others as the owners of a 24.8-acre parcel of land within the boundaries of the Forest Preserve District. The District sought to condemn for public use pursuant to its power of eminent domain. The named defendants moved to dismiss on grounds of *res judicata* and estoppel.

Defendants established that the same parcel described in these proceedings had been the subject of another condemnation suit brought by the District against Richard and Bernadette Kohl, defend-

ants' predecessors in title, in 1977. The record in that action shows that counsel for the District moved the court to dismiss the cause in April 1981. The court's docket contains an entry dated May 1, 1981, which reads, "Mr. Ned Masters present for Plaintiff. Pursuant to his motion, cause is dismissed, with prejudice, all matters in controversy having been settled." The court's written order signed the same day, however, states as follows: "On motion of Plaintiff, FOREST PRESERVE DISTRICT OF WILL COUNTY, ILLINOIS, A Body Corporate and Politic, and the Court being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above captioned cause be and the same is hereby dismissed."

At the hearing on the motion to dismiss, James Vanderlaan testified that he and his wife purchased the property in 1987 with knowledge of the prior condemnation action. They proceeded with plans to develop the land for single-family residential purposes and incurred expenses in connection with the proposed development. In May 1989 the Vanderlaans received notice that the District was interested in purchasing the property. They promptly refused the District's offer, and the District thereafter initiated condemnation proceedings.

The District established that the Vanderlaans' knowledge of the prior condemnation action was gleaned from conversations with the prior owner, a neighbor and another person who told Mr. Vanderlaan about the property and a condemnation action taken against that person's property in 1977. The Vanderlaans did not check the court records and did not discuss the matter with anyone from the District.

In its initial ruling denying defendants' motion to dismiss, the court specifically found that *res judicata* did not apply on these facts because the court had made no finding on the merits of the 1977 suit and because the court's written order did not specify that its dismissal was "with prejudice." The court took under advisement the Vanderlaans' argument in the alternative that the current suit was subject to dismissal on the ground of equitable estoppel. On September 26, 1989, the court entered its written order denying the motion to dismiss and setting the cause for a jury trial.

On February 20, 1991, defendants moved for reconsideration of their motion to dismiss. In support of this motion defendants cited this court's opinion in *Forest Preserve District v. Marquette National Bank* (1991), 208 Ill. App. 3d 823, 567 N.E.2d 635, which, defendants argued, was decided in defendants' favor on virtually identical facts. The court heard the motion and, on March 20, 1991, entered its order dismissing the suit with prejudice on grounds of both estoppel and *res judicata*.

In its appeal to this court, the District argues that *Marquette* differed from this case in several critical aspects. We agree. First, in *Marquette*, the parties stipulated to the dismissal of the District's initial 1978 condemnation suit "with prejudice." (*Marquette*, 208 Ill. App. 3d at 828, 567 N.E.2d at 638.) On review of the trial court's dismissal of the second *Marquette* suit, we relied in part on the parties' stipulation in the first suit. We noted that the doctrine of *res judicata* applies to eminent domain proceedings when the two suits demonstrate identities of parties, subject matter and cause of action. Given the stipulation and the fact that all three general requirements were there satisfied, we held that the District's second suit was barred by *res judicata*. 208 Ill. App. 3d at 828, 567 N.E.2d at 638.

■■ By contrast, in this case the court's written order of May 1, 1981, does not contain language indicating that the cause was being dismissed with prejudice, and there is no indication that the parties so stipulated or that the Kohls understood that a subsequent action would be so barred. The District correctly states that in Illinois dismissals of actions at law are deemed to be "without prejudice" in the absence of language to the contrary. (*People v. Bristow* (1945), 391 Ill. 101, 62 N.E.2d 545.) Eminent domain is considered an action at law, not a chancery proceeding in Illinois. (*Department of Public Works & Buildings v. Gieseking* (1969), 108 Ill. App. 2d 105, 109, 246 N.E.2d 707, 709, citing *Chicago Great Western R.R. Co. v. Ashelford* (1915), 268 Ill. 87, 91-92, 108 N.E. 761.) Moreover, it is well settled that the court's written order controls over its oral pronouncements. *People v. Hayslette* (1982), 107 Ill. App. 3d 647, 437 N.E.2d 1261.

In this case it is clear that the 1977 suit was dismissed prior to any hearing on the merits and without any judicial findings or stipulations. Accordingly, the docket entry notwithstanding, we find that dismissal of the 1977 suit was without prejudice to a subsequent proceeding against the same property. The trial court erred in holding that this suit was barred by *res judicata*.

■ Next, the District argues that the doctrine of estoppel does not apply. In *Marquette*, we found that the trial court did not err in dismissing the District's suit on the ground that the District there had caused "undue hardship and manifest injustice" to the property owners. The legal basis for this holding was that a condition precedent to the exercise of eminent domain power in Illinois is that the District first make a *bona fide* attempt to agree with the owners as to a fair compensation for the property. (*Marquette*, 208 Ill. App. 3d at 827, 567 N.E.2d at 637, citing *Department of Transportation v. Walker* (1980), 80 Ill. App. 3d 1039, 400 N.E.2d 956.) This condition prece-

dent is derived from section 7—102 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 7—102), which sanctions eminent domain actions where "the compensation to be paid for or in respect of the property sought to be appropriated *** cannot be agreed upon by the parties interested." In affirming the trial court's dismissal in *Marquette*, we relied on the facts there developed which demonstrated that the District's conduct toward the property owners was unreasonable and that no *bona fide* attempt had been made to agree to fair compensation. We concluded there:

> "It is evident that immediately prior to the submission of the present offer, the District overlooked important considerations, *e.g.*, the timeliness of the comprehensive appraisal, the legal consequences of the changes made vis-a-vis the subject property, *i.e.*, rezoning and final plat approval, and the further capital undertaking by the defendants, which all independently and collectively justify and support the trial judge's finding." *Marquette*, 208 Ill. App. 3d at 828, 567 N.E.2d at 638.

It is clear to us that, contrary to defendants' position, the doctrine of equitable estoppel was not the basis for our affirmance in *Marquette*, but the District's failure to establish a condition precedent to the statutory proceeding. Unlike *Marquette*, the facts adduced in this case at the hearing on defendants' motion to dismiss fall far short of establishing that the District's conduct toward the property owners was unreasonable or that their offer in the amount of $520,590 was not a *bona fide* attempt to agree to a fair compensation. The mere fact that defendants expended a substantial sum of money in anticipation of their proposed development of the tract does not establish that the District caused undue hardship or manifest injustice to them. In *Marquette* the District expressly told the owners only a year before bringing its second condemnation action that in fact it was no longer interested in acquiring the subject property. At that point the property was rezoned from agricultural to residential and the owners proceeded to subdivide lots for sale. By contrast, in this case no promises or statements were made by the District to induce subdividing expenditures. Indeed, there is no evidence in the record before us that the District's conduct was in any respect oppressive or that its offer was less than the fair market value of the property.

It is apparent to us that the trial court on defendants' motion for reconsideration in this case attempted to apply common law estoppel principles rather than statutory authority for the exercise of eminent domain power. The court found detrimental reliance on defendants' part without addressing the salient question of the District's *bona*

*fides* in attempting to agree on the terms of compensation before bringing its condemnation suit. Under the circumstances, we find that the trial court's dismissal of the complaint in this case is contrary to the manifest weight of the evidence.

The judgment of the circuit court of Will County is reversed. We remand this cause for further proceedings.

Reversed; cause remanded.

McCUSKEY and GORMAN, JJ., concur.