In re Helen S. - Rec'd 2/13/03

Rule 23 order filed
 NO. 5-02-0004

March 6, 2003;

Motion to publish granted
 IN THE

August 5, 2003.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

In re
 HELEN S., Alleged to be a Person )  Appeal from the Circuit Court of

Subject to Involuntary Admission )  Madison County. 

)

(The People of the State of Illinois, Petitioner- )  No. 01-MH-200

Appellee, v. Helen S., Respondent-Appellant). )

)  Honorable Ralph J. Mendelsohn,  

)  Judge, presiding.

________________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

Helen S. (respondent) was found to be a person subject to involuntary admission pursuant to a petition under the Mental Health and Developmental Disabilities Code (the Code) (405 ILCS 5/1-100 
et seq.
 (West 2000)).  The petition had been filed in the circuit court of Madison County.  On appeal, respondent raises the issue of whether the petition for involuntary admission should have been barred under the doctrine of 
res judicata
.  We reverse.

FACTS

In November 2001 several petitions seeking the involuntary admission of respondent were filed in the circuit court of Madison County.  Respondent was found to be a person subject to involuntary admission pursuant to a petition that was filed on November 30, 2001.

The first petition was filed on November 26, 2001.  The petition was signed by the respondent's ex-husband and dated November 21, 2001.  See 405 ILCS 5/3-600 (West 2000).  The petition alleged that respondent had taken 50 tablets of Excedrin P.M. in an apparent suicide attempt and had been taken to St. Joseph's Hospital.  The petition alleged that respondent had a history of schizophrenia, multiple hospitalizations, and refusals to take her medications and that she was unwilling to talk about the situation.  

The record also contains a document labeled "petition for involuntary admission" that was filed on November 27, 2001.  Attached to the petition is a certificate signed by psychiatrist Radhka Rao; however, no other paperwork was filed on that date.  

On November 29, 2001, a petition dated November 27, 2001, signed by a crisis counselor, Sheryl Phinney, was filed.  See 405 ILCS 5/3-600 (West 2000).  This petition reiterated many of the allegations contained in the petition filed November 26, 2001.  This petition also alleged that respondent was refusing to eat or drink liquids and was pacing the unit and refusing medical care.  

On November 29, 2001, the matter was called for a hearing.  Respondent moved to dismiss on the grounds that the State had failed to file with the court proof of service within 24 hours of admission and proof that respondent had been informed of her rights.  See 405 ILCS 5/3-611 (West 2000).  The State presented testimony from Dr. Lenora Brown, a licensed clinical psychologist at the Alton Mental Health Center.  Dr. Brown testified that respondent was admitted to St. Joseph's Hospital in Bond County on November 20, 2001.  Pursuant to a petition and first certification, respondent was transferred to St. Elizabeth's Hospital in Granite City on November 21, 2001.  On November 21, 2001, a second certification was done.  Pursuant to a second petition, respondent was transferred to the Alton Mental Health Center on November 27, 2001.  Dr. Brown testified that the second petition was served upon respondent; however, she had no records available for proof of service of the first petition.  Dr. Brown testified that it was her understanding that respondent had been placed in the psychiatric unit at St. Elizabeth's Hospital and had been confined under an emergency petition upon her arrival at St. Elizabeth's Hospital.  The trial court granted the motion to dismiss and the petitions were stricken.  

The State moved for a temporary detention and an examination pursuant to section 3-607 of the Code (405 ILCS 5/3-607 (West 2000)).  Respondent objected to the court hearing new testimony on the State's motion.  Based upon the testimony offered by the State in opposition to the motion to dismiss, the court agreed to hear further evidence and heard testimony from respondent's ex-husband, a son, and Dr. Brown.  Respondent was presented as a witness on her own behalf.  Respondent was nonresponsive to several questions from her own counsel, but she did state that she did not want to be there.  Respondent failed to answer any of the questions presented by the State on cross-examination.  The court entered an order detaining respondent for examination for a period of no more than 24 hours, pursuant to section 3-607 of the Code.

On November 30, 2001, a petition for involuntary admission was filed.  It was dated November 29, 2001, and signed by Bobbie Laker, a licensed clinical social worker.  See 405 ILCS 5/3-600 (West 2000).  The petition repeated many of the allegations contained in the prior petitions and stated that respondent's activities remained similar.  The petition also stated that on November 29, 2001, respondent had refused breakfast and only eaten 10% of her lunch.  

Respondent moved to dismiss the petition on the basis of 
res judicata
.  On December 6, 2001, the petition and respondent's motion to dismiss were called for a hearing.  The State called Dr. Brown as a witness.  Dr. Brown testified that based upon a review of the records and discussions with staff, she diagnosed respondent with schizophrenia, paranoid type.  Dr. Brown stated that respondent's symptoms continued to be flat affect, poor eye contact, pacing the unit, eating poorly, and poor basic hygiene.  Respondent was refusing treatment and not taking her medication.  Dr. Brown opined that respondent would be a danger to herself if she was discharged, and the doctor recommended admission.  The court took judicial notice of testimony at the previous hearing by respondent's son and her ex-husband.  Respondent presented no witnesses.  The trial court found respondent to be a person subject to involuntary admission and ordered her hospitalized for a period not to exceed 90 days.  Respondent appeals.

ANALYSIS

Respondent contends that the trial court should have dismissed the final petition on  the basis of 
res judicata
.  See 134 Ill. 2d R. 273; 
DeLuna v. Treister
, 185 Ill. 2d 565, 573, 708 N.E.2d 340, 344 (1999).  The State responds that there was no adjudication on the merits of the previous petitions and that there is no identity of causes of action for the petitions.  See 
People v. Valentine
, 201 Ill. App. 3d 10, 12, 558 N.E.2d 807, 809 (1990).  Further discussion of these arguments, however, is not necessary because the record reveals that the dismissal of the prior petitions was without prejudice.  See 
Forest Preserve District of Will County v. Vanderlaan
, 226 Ill. App. 3d 692, 695, 589 N.E.2d 599, 601 (1992); 
In re Estate of Norris
, 143 Ill. App. 3d 741, 748, 493 N.E.2d 121, 126 (1986).  Respondent made an oral motion to dismiss the prior petitions at the beginning of the hearing on November 29, 2001.  The trial court never entered a written order on the motions.  After the court had ruled upon the motions to dismiss, the court did allow a hearing to proceed under section 3-607 in order to determine whether a further period for examination was needed immediately.  The context of these rulings indicates that at the time the court dismissed the prior petitions, the court was entertaining the notion of the State refiling a petition for involuntary admission.  

This does not mean that the petition was valid.  Respondent contends that the petition violated the notice and filing requirements set forth in section 3-611 of the Code (405 ILCS 5/3-611 (West 2000)).  This section requires that the petition must be filed and notice must be given to a detainee within 24 hours of admission for any petition filed under article VI of the Code (405 ILCS 5/3-600 through 3-611 (West 2000)).  A failure to comply with the notice and filing requirements justifies a dismissal of a petition.  
In re Demir
, 322 Ill. App. 3d 989, 994, 751 N.E.2d 616, 620 (2001).  

The State contends that for purposes of this petition, the date of admission was not November 21, 2001, but was when the court entered the order for temporary detention pursuant to section 3-607 of the Code on November 29, 2001.  The State argues that by dismissing the prior petitions and ordering a new admission under section 3-607 in the same proceeding, respondent was no longer being held under the new petitions but was being examined under section 3-607.  See 405 ILCS 5/3-600, 3-601, 3-607 (West 2000).  The State concludes that for purposes of the notice provisions, the time should then begin on the date of the court's order of temporary detention for examination.  To support its position, the State relies primarily upon two cases, 
In re Shaw
, 153 Ill. App. 3d 939, 506 N.E.2d 456 (1987), and 
People v. Read
, 228 Ill. App. 3d 664, 592 N.E.2d 1178 (1992) (Goldenhersh, P.J., dissenting).

In 
Read
, an initial petition was dismissed because the respondent had not been examined within 24 hours of admission.  A second petition was executed the same day as the order of dismissal and filed the next day.  The respondent was involuntarily admitted on the second petition.  On appeal, the respondent argued that the order of involuntary admission was void because he had not been physically released from the facility after the first petition.  The court rejected the respondent's claim, describing the factual basis for the ruling as follows:

"In this case the actual physical release of Read from the facility was not necessary in order to comply with the statutory definition of a 'discharge'.  The 'Notice of Change in Status' indicates that Read was in fact discharged and released, albeit to himself, on August 30, 1990, the same day the court ordered it.  There is nothing in the record to indicate the exact time of day that the petition in cause No. 90-MH-224 was filed.  Furthermore, there is nothing in the record showing that Read tried to leave the facility or that he wanted to leave or that he was prevented from leaving.  Under the circumstances herein[,] we do not find that the failure to physically release Read from Choate Center precluded the State from subsequently filing an involuntary commitment petition.  Based on the facts of this case, requiring Read to physically leave Choate Center before filing the second petition would require that we construe the statute as requiring the performance of an empty formality when the legislative intent has been otherwise achieved."  
Read
, 228 Ill. App. 3d at 667, 592 N.E.2d at 1180.

The majority in 
Read
 relied upon 
In re Shaw
.  In 
In re Shaw
, a mental patient who had initially been admitted voluntarily sought his discharge.  The mental health facility failed to file a petition for involuntary commitment within the five-day period after a patient request for discharge pursuant to section 3-403 of the Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3-403 (now see 405 ILCS 5/3-403 (West 2000))).  The facility refused to discharge the respondent and immediately filed a second petition for involuntary commitment.  The circuit court granted the second petition and the respondent appealed.  On appeal, the court initially noted that the respondent was entitled to a discharge at the expiration of the five-day period and, at that time, his status was no longer that of a voluntarily admitted patient.  The court also pointed out that a patient armed with a statutory right to discharge should not be required to submit further requests in order to obtain his release.  The court concluded, however, that this did not bar the subsequent petition in that case.  The court stated that the original petition had been filed under section 3-403 of article IV of the Code.  The second petition was brought under article VII of the Code (Ill. Rev. Stat. 1985, ch. 91½, pars. 3-700 through 3-706).  
In re Shaw
, 153 Ill. App. 3d at 943, 506 N.E.2d at 459.

The court held that the subsequent petition was not barred.  The court stated that a dismissal pursuant to a violation of an article of the Code does not prevent the refiling of an otherwise valid petition under a different article of the Code.  
In re Shaw
, 153 Ill. App. 3d at 944, 506 N.E.2d at 459 (citing 
In re Shirley
, 154 Ill. App. 3d 850, 853, 507 N.E.2d 503, 505 (1987)).  The court concluded that the failure of the facility to discharge the respondent pursuant to section 3-403 did not necessarily insulate the respondent from otherwise valid involuntary proceedings but that it did leave the facility open to possible civil action.  
In re Shaw
, 153 Ill. App. 3d at 945, 506 N.E.2d at 460.

Respondent here gives several reasons for discounting both 
Read
 and 
In re Shaw
.  As respondent points out, both of these decisions have been criticized.  See 
In re Guthrie
, 196 Ill. App. 3d 352, 354, 553 N.E.2d 735, 736 (1990) (declining to follow 
In re Shaw
 to the extent it is inconsistent with the principle of mandatory discharge under the Code); 
Read
, 228 Ill. App. 3d at 668, 592 N.E.2d at 1181 (Goldenhersh, P.J., dissenting); see also 
In re Connors
, 255 Ill. App. 3d 781, 627 N.E.2d 1171 (1994).  A further discussion of the merits of these cases is not necessary, however, because both 
Read
 and 
In re Shaw
 are distinct from the case at hand.

In contrast to this case, the majority in 
Read
 based its analysis and decision on a finding that Read had been actually discharged, even though he did not physically leave the premises.  
Read
 does not question whether a discharge is necessary before a new petition can be filed.  
Read
 is about what constitutes a discharge.  In this case, there is no question that respondent was not discharged.  To the extent that 
Read
 is relevant, it supports respondent's contention that November 21, 2001, is the date of admission for the final petition because there was no intervening discharge.  

In re Shaw
 is also fundamentally distinct from the case at hand.  The decision in 
In re Shaw
 is premised on the fact that the subsequent petition was brought under a different article of the Code.  In this case, each of the petitions was brought under the same article, including the allegedly intervening petition for emergency temporary detention.  405 ILCS 5/3-600 through 3-611 (West 2000).  Indeed, the authority relied upon by 
In re Shaw
 notes the solidarity of article VI of the Code.  See 
In re Shirley
, 154 Ill. App. 3d at 853, 507 N.E.2d at 505.  Underlying 
In re Shaw
 is the contention that each article of the Code is unitary and provides its own procedural guidelines for petitions under that article.  Thus, 
In re Shaw
 actually supports respondent's position.

Respondent was involuntarily admitted for care on November 21, 2001.  Respondent remained admitted through the date of the filing of the third petition on November 29, 2001, well after the 24-hour period for filing and notice provided for by the Code (see 405 ILCS 5/3-611 (West 2000)).  There is no authority for the contention that a subsequent petition filed under article VI of the Code does not have to fulfill the requirements of section 3-611, which refers to "the respondent's admission under this Article."  405 ILCS 5/3-611 (West 2000).  This violation of the notice and filing requirements requires a dismissal of the petition.  See 
In re Demir
, 322 Ill. App. 3d at 994, 751 N.E.2d at 620; see also 
Valentine
, 201 Ill. App. 3d at 13-14, 558 N.E.2d at 809-10.

Accordingly, the decision of the circuit court is hereby reversed.

Reversed.

HOPKINS, P.J., and KUEHN, J., concur.

                                      NO. 5-02-0004

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

In re
 HELEN S., Alleged to be a Person )  Appeal from the Circuit Court of

Subject to Involuntary Admission )  Madison County. 

)

(The People of the State of Illinois, Petitioner- )  No. 01-MH-200

Appellee, v. Helen S., Respondent-Appellant). )

)  Honorable Ralph J. Mendelsohn,  

)  Judge, presiding.

___________________________________________________________________________________

Rule 23 Order Filed:
 March 6, 2003

Motion to Publish Granted:
 August 5, 2003

Opinion Filed
: August 5, 2003

___________________________________________________________________________________

Justices
: Honorable Richard P. Goldenhersh, J.

Honorable Terrence J. Hopkins, P.J., and 

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________________

Attorneys
 Jeff M. Plesko, Director, Anthony E. Rothert, Staff Attorney, Legal Advocacy

for
 Service, Guardianship and Advocacy Commission, Metro East Regional Office,

Appellant
 4500 College Avenue, Suite 100, Alton, IL 62002

___________________________________________________________________________________

Attorneys
 Hon. William Haine, State's Attorney, Madison County, 157 North Main, 

for
 Edwardsville, IL 62025; Norbert J. Goetten, Director, Stephen E. Norris, Deputy

Appellee
 Director, Rebecca E. McCormick, Staff Attorney, Office of the State's Attorneys

Appellate Prosecutor, 730 E. Illinois Highway 15, P.O. Box 2249, Mt. Vernon, IL 

62864

___________________________________________________________________________________